## EUCLID STORES CO v WILLARD et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10,242. Decided July 1, 1929

Messrs. Stanley & Horwitz, Clveland, for Euclid Stores Co.

Messrs. Garfield, Cross, MacGregor, Daoust, & Baldwin, Cleveland, for Willard et.

KUNKLE, PJ, ALLREAD & HORNBECK, JJ, (2nd Dist) sitting.

KUNKLE, PJ.

It appears from the evidence that the railroad tracks in the rear of the property in dispute were elevated; that there is a cement retaining wall some seven or more feet in heighth on the line between the property in question and the railroad. From one of the exhibits introduced in evidence, there was shown a sign stating that the property there located was the property of the railroad company. The record shows that such sign and the concrete retaining wall were in their present condition when the lease was executed in 1920.

The secretary of the plaintiff admits that he saw the sign and concrete retaining wall prior to the transfer of the lease. It appears from the evidence that the defendants Willard and Babin entered into a contract for the execution of the lease in question on July 9th, 1920, and that under such contract the defendant Babin was to pay to Willard $10,000 as a consideration for the execution of the lease and in such contract Babin asknowledged that he had examined and approved an abstract of title to said property and which abstract contained a similar description of the premises. The record shows that plaintiff in error was incorporated July 16th, 1920, and that on July 24th, 1920, the plaintiff agreed to purchase the lease in question from the defendant Babin for the consideration of $15,000, and that the defendants Willard consented to such an assignment by Mr. Babin on July 27th, 1920. We think the evidence shows that the execution of the lease in question represents a transaction between the Willards and the defendant Babin and that the plaintiff was not a party to such original contract for a lease.

Under the facts disclosed by the record, we are of the opinion that the right of action to secure a cancellation of this lease is personal to Mr. Babin and will not accrue to plaintiff. We think the decision of our Supreme Court in the **60 OS. at page 540** is decisive of this question.

We also think the record fairly discloses from the description contained in the lease and from the physical characteristics of the property itself that neither Babin nor the plaintiff when it secured a transfer of the lease from Babin could

have been misled as to what constituted the property they were receiving under the lease. The property was turned over to plaintiffs; they went into possession and were continuously in possession thereof for about seven (7) years before making any complaint about a defect in the description.

We think this case falls within the reasoning of our Supreme Court in the case reported in the **45 OS. page 368** and other cases cited by counsel.

The case at bar is one in which the equity side of the court is invoked for the purpose of securing a cancellation.

We are of the opinion that the plaintiff cannot accept a property where the boundaries complained of are marked physically and occupy the same for substantially eight years and then seek a cancellation of the lease on the ground that they were misled as to the boundaries of the property so used for that period of years.

It will be noted that in the case at bar in order to give the boundary line in question the length of 62 feet, it will be necessary to disregard the length and location of the northerly boundary line stated in the lease as well other points established by the lease.

From a consideration of the entire evidence, we are of opinion that the same decree should be rendered in this court as was rendered in the court below. Decree accordingly.